UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF WASHINGTON

ERIC BOSTON individually,

    Plaintiff,

v.

KITSAP COUNTY, a Municipal Corporation organized under the laws of the State of Washington and CONMED, INC., a Foreign Corporation doing business in Kitsap County, Washington.

    Defendants.

NO.

COMPLAINT FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. §1983 AND FOR NEGLIGENCE

I.   <u>JURISDICTION & VENUE</u>

1.1  Plaintiff, ERIC BOSTON, is, and at all relevant times was, a resident of Snohomish County, Washington.

1.2  The defendant, KITSAP COUNTY, is a Municipal Corporation and a political subdivision of the State of Washington, and is located in Kitsap County, Washington.

1.3  Defendant CONMED, INC., is a Foreign Corporation registered in the State of Maryland, doing business in and with KITSAP COUNTY, Washington.

COMPLAINT FOR VIOLATION
OF CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983 AND
FOR NEGLIGENCE    - Page 1 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

1.4 All acts and omissions alleged in this complaint occurred in Kitsap County, Washington.

1.5 An action herein is a claim brought under 42 U.S.C. §1983, and states a Federal Claim.

1.6 Federal Courts have original jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1441 and 42 U.S.C. §1983. The court can exercise supplemental jurisdiction over other claims and other parties under 28 U.S.C. §1367(a), as the claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

1.7 Plaintiff has followed the claims notice procedures of RCW 4.96.020, and waited the required period of time before filing this action.

## II.   FIRST CAUSE OF ACTION – VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C. §1983

2.1 On January 3, 2011, Defendant KITSAP COUNTY operated a public jail facility under color of law at 614 Division Street in Port Orchard, Kitsap County, Washington for housing incarcerated inmates for both pretrial and post conviction incarceration.

2.2 Defendant KITSAP COUNTY has a non-delegable duty to provide appropriate and necessary medical services to those incarcerated in its jail facility, to ensure the inmates'

COMPLAINT FOR VIOLATION
OF CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983 AND
FOR NEGLIGENCE          - Page 2 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

health, welfare, and safety.

2.3 Defendant KITSAP COUNTY contracted with defendant, CONMED, INC., to provide inmate healthcare services in an attempt to meet its duty, at a flat rate of compensation, regardless of medical needs of the inmate population, and the costs thereof.

2.4. The practical effect of this flat rate compensation package is that the profit of CONMED, INC. declines for every pill, procedure and expense provided for medical care of inmates.

2.5 CONMED, INC. has a policy, express or de facto, of refusing to provide pain and other medications to inmates, and directs or pressures its medical care providers to follow this policy.

2.6 Defendant CONMED, INC., hired and supervised numerous employees, whose names are not presently known to plaintiff, to act as agents on its behalf in fulfilling its contract with defendant, KITSAP COUNTY.

2.7 The medical staff at the Kitsap County Jail frequently deals with persons being arrested in all states of sobriety, and on all forms of intoxicants and drugs, prescribed and otherwise.

2.8 The medical staff at the Kitsap County Jail has an obligation to know how to address the needs of all inmates, and particularly those with special needs due to drug dependency, and those with chronic pain.

2.9 Plaintiff ERIC BOSTON was arrested during a traffic stop by the Kitsap County Sheriff's Office on January 3, 2011 on a misdemeanor charge of violation of a no contact order for

COMPLAINT FOR VIOLATION
OF CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983 AND
FOR NEGLIGENCE        - Page 3 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

being peacefully in the presence of the protected person with her consent, and was taken to the Kitsap County Jail for processing to be held until he could be brought before a court.

2.10 A court later made a determination to hold ERIC BOSTON on bail pending trial, which bail he could not raise, and as a consequence was a pretrial detainee until his plea of guilty to the charge of Violation of No Contact Order and his release from the Kitsap County Jail on February 14, 2011, and transfer to the Snohomish County Jail.

2.11 Plaintiff, ERIC BOSTON also had a warrant from Snohomish County for noncompliance with past sentencing conditions, and was therefore held as a convicted person until he could be delivered to Snohomish County for processing his alleged probation violations.

2.12 Before his January 3, 2011 arrest, Plaintiff ERIC BOSTON had a chronic spinal condition with back pain, and was lawfully on opiate medications, Oxycodone and Oxycontin for that pain, prescribed by his physician, Dr. Waltz.  He had an opiate dependency on his arrival at the Kitsap County jail as he had been on those prescribed opiate medications for a considerable period of time.

2.13 Before his January 3, 2011 arrest, Plaintiff ERIC BOSTON had been diagnosed with Bi-Polar Mood Disorder, a chronic condition, and was lawfully on medications to control that

COMPLAINT FOR VIOLATION
OF CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983 AND
FOR NEGLIGENCE          - Page 4 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

condition, Lithium, as prescribed by his physician, Dr. Waltz.

2.14 Plaintiff ERIC BOSTON came to the Kitsap County jail with the valid, written prescriptions for those medications.

2.15 Defendant CONMED, Inc. following its policy of not providing medications due to cost considerations, refused to honor those prescriptions, and thereby forced Plaintiff ERIC BOSTON to undergo painful opiate withdrawal and illness, as well as increased back pain from his pre-existing chronic back condition. By failing to give him his Lithium, his Lithium levels fell below therapeutic dosage, and he had increase in his bi-polar symptoms, including manic euphoria, and depression, and inability to sleep.

2.16 On January 13, 2011, Plaintiff ERIC BOSTON suffered injury at the Kitsap County jail facility, when he tripped over an angle iron placed in the doorway to his cell, and fell down the concrete and steel stairs on his back, headfirst. This injury is more fully described in Count II of this complaint, and is incorporated by this reference.

2.17 As a result of this January 13, 2011 injury incident, Plaintiff ERIC BOSTON was transferred by ambulance while remaining in custody to Harrison Medical Center for evaluation and treatment. Harrison Medical Center performed an objective examination of Plaintiff ERIC BOSTON, provided him with 4 prescriptions: a corticosteroid to reduce inflammation, a muscle relaxer, and two opiate medications: Oxycodone and

COMPLAINT FOR VIOLATION
OF CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983 AND
FOR NEGLIGENCE      - Page 5 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

Oxycontin. They released him back to the Kitsap County jail with discharge instructions to take the medications and seek a follow up appointment with his regular doctor.

2.18 Harrison Medical Center staff formed a diagnosis of Plaintiff ERIC BOSTON as Low Back Strain and Radiculopathy.

2.19 After the injury of January 13, 2011, as a direct result of the low back injury suffered, Plaintiff ERIC BOSTON could not control his bladder, and was urine incontinent. When he asked for accommodation for this infirmity, by provision of incontinence supplies and garments, his request was denied until very shortly before his release from the facility on February 14, 2011, when some incontinence undergarments were given him. For approximately a month, Plaintiff ERIC BOSTON suffered from humiliation and embarrassment at this condition. Plaintiff ERIC BOSTON was made to clean up his soaked bedding in the morning.

2.20 Plaintiff ERIC BOSTON had another fall on January 21, 2011, and an episode of incontinence, and was taken to Harrison Medical Center for care. On this occasion, Harrison Medical Center staff performed an examination of Plaintiff ERIC BOSTON, and found that he had poor rectal tone and loss of nerve function, diagnosed him with Cauda Aquina Syndrome, and transferred him and his care to Harborview Medical Center.

2.21 On January 22, 2011, Harborview did a full medical workup of Plaintiff ERIC BOSTON, and made the following diagnosis: (1)

COMPLAINT FOR VIOLATION
OF CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983 AND
FOR NEGLIGENCE         - Page 6 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

subtherapeutic lithium levels, (2) subregimen Sleep-Wake Cycle, (3) possible bilateral vitreous detachments as a result of his fall or transient visual obscurations and (4) possible right sacroiliac radiculopathy, or nerve root compression. Imaging studies verified disc dessication at L3/4, L4/5 and L5/S1, a broad based disc bulge at L4/5 which causes mild central canal stenosis, as well as an even milder bulge at L5/S1.

2.22 Harborview Medical Center prescribed Lithium for Bi-Polar Mood Disorder control, and opiate pain medications for pain control, including Oxycodone. He was discharged back to the Kitsap County jail with: (1) enough opiate medication to last until seen by his primary medical doctor, Dr. Ronald Waltz, at his next available appointment on Monday, January 24, 2011, (2) Discharge Medication Instructions, including additional prescriptions for opiate medications and (3) instructions for follow up appointments, testing and general medical care. He was also to be on fall precautions.

2.23 Despite the prescriptions for opiate pain medications and directives of the physicians at Harrison Medical Center on January 13-14, 2011 and at Harborview Medical Center on January 22, 2011, with actual pain medications sent home with Plaintiff ERIC BOSTON. When Plaintiff ERIC BOSTON was returned to the jail facility on both January 14, 2011, and January 22, 2011, CONMED, INC. countermanded the pain

COMPLAINT FOR VIOLATION
OF CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983 AND
FOR NEGLIGENCE        - Page 7 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

medication prescriptions, and the corticosteroid medications, and the muscle relaxers, and denied Plaintiff ERIC BOSTON the benefits of such medications, in keeping with its cost containment policies. In the presence of Plaintiff ERIC BOSTON the jail representative told Harborview Medical Center staff to not even write the pain medication prescriptions, as they would not be filled anyway. The prescriptions were written despite the admonition.

2.24 On February 2, 2011, counsel for Plaintiff ERIC BOSTON wrote to jail administration complaining of the lack of pain medication and lack of incontinence supplies, and asking for remediation of this failure. On February 3, 2011 counsel wrote to the Kitsap County jail asking for release of records relating to Plaintiff ERIC BOSTON and his fall of January 13, 2011. On February 10, 2011, counsel wrote requesting the contract for medical services, and particularly stating that Plaintiff ERIC BOSTON was their client for a personal injury claim.

2.25 On February 11, 2011, CONMED, INC. medical staff, believed to be the CONMED, INC. Medical Director and the regular doctor, in the presence of a jail guard, visited him in the jail facility. The Medical Director advised that he would receive pain medications and steroids, as requested in counsel's letter, BUT ONLY IF HE SIGNED A STATEMENT THAT HE CAME TO THE FACILITY WITH HIS CURRENT INJURIES. Plaintiff ERIC BOSTON

COMPLAINT FOR VIOLATION
OF CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983 AND
FOR NEGLIGENCE       - Page 8 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

declined to sign it, as he insisted his lawyer should be present, and because the statement was not true. The Medical Director then presented to him a waiver of medical care, to the effect that he declined medical assistance and pain medications. The guard present told Plaintiff ERIC BOSTON he had to sign it. Plaintiff ERIC BOSTON signed it under the fear of punitive consequences if he refused to follow the directive of the guard. The guard stated that if he did not sign it, he would probably go to "the hole." Plaintiff ERIC BOSTON never wanted to waive medical care, but was given the alternative of getting appropriate care or waiving his legal rights for his injury by signing a false statement.

2.26 Defendants KITSAP COUNTY and CONMED, INC. were deliberately indifferent to the suffering of Plaintiff ERIC BOSTON by this repeated medication denial, and by denial of the incontinence supplies. The failure by Defendants KITSAP COUNTY and CONMED, INC. staff to take timely, reasonable, inexpensive and appropriate steps to ameliorate, mitigate and avoid the effects of opiate withdrawal for a known incarcerated opiate dependent, with a valid prescription, known to be in withdrawal distress, and known to have chronic back pain, constitutes deliberate indifference to his medical needs, and was a violation of the rights of the plaintiff. Further, promising care only if he compromised his claim against the jail facility demonstrates deliberate indifference.

COMPLAINT FOR VIOLATION
OF CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983 AND
FOR NEGLIGENCE        - Page 9 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

2.27 Deliberate indifference to the serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment, made applicable to the States by the Fourteenth Amendment. Plaintiff ERIC BOSTON, as both a post conviction detainee under the Snohomish County Warrant, and as a pretrial detainee on the Kitsap County charge, has also been denied Due Process of Law under the Fifth and Fourteenth Amendments in imposition of such punishment upon him. These deprivations were also in derogation and contrary to 42 U.S.C. §1983.

2.28 Plaintiff ERIC BOSTON is entitled to damages for medical and other special expenses, pain and suffering, and general damages proximately resulting from the acts of the defendants, including costs of suit and reasonable attorney fees under 42. U.S.C. §1988.

### III.   SECOND CAUSE OF ACTION- NEGLIGENCE

3.1 Plaintiff ERIC BOSTON re-alleges by this reference the facts contained in §2.1 through 2.28 of this complaint.

3.2 At the time of his incarceration with Kitsap County jail, Plaintiff ERIC BOSTON was told where he was to sleep and stay within the jail facility, and had no control over the condition of his housing.

3.3 On January 13, 2011, Plaintiff ERIC BOSTON was detained in the high security area of the facility because of an infraction of

COMPLAINT FOR VIOLATION
OF CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983 AND
FOR NEGLIGENCE        - Page 10 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

the jail rules. This area is commonly called "the hole" at the facility. He was required to be in his cell 23 hours a day with one hour allowed out to stretch his legs. He was not allowed interaction with other inmates. He was also allowed out of his cell to get medications. His cell has a bed, a sink and toilet.

3.4  At some time after the jail was constructed, to the time of this incident, an additional security measure was taken to alter the cells: an angle iron was secured to the floor in the doorway to each cell, so that notes and other contraband cannot be passed from one inmate to another by sliding it under the door. The angle iron is approximately two inches high spanning each doorway. It also serves as a tripping hazard.

3.5  The doorway and angle iron crossing the doorway in the cell Plaintiff ERIC BOSTON was mandated to use is approximately four to five feet directly across from the top of a flight of fifteen concrete steps leading to a common area below.

3.6  Causing and permitting the continued existence of the angle iron tripping hazard near the top of the flight of stairs creates an unreasonable risk of injury to those entering and leaving the cell, and is negligence on the part of Defendant KITSAP COUNTY and the Kitsap County Jail.

3.7  On January 13, 2011, Plaintiff ERIC BOSTON, during provision of medications, tripped on the angle iron in the doorway of

COMPLAINT FOR VIOLATION
OF CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983 AND
FOR NEGLIGENCE       - Page 11 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

his cell, and fell down the stairway, headfirst and on his back. During the fall, he slid and struck each step until he came to rest near the base of the stairs.

3.8 Plaintiff ERIC BOSTON was in immediate pain, had suffered injury, and had lost control of his urine, wetting himself as he lay there on the stairs.

3.9 911 Emergency Personnel were called, but, despite Plaintiff ERIC BOSTON's protests, Kitsap County jail and CONMED, INC. staff moved Plaintiff ERIC BOSTON from the stairs before emergency staff could arrive, causing him additional pain. When emergency personnel arrived to take him to the hospital, he was flat on the concrete floor.

3.10 The guard who accompanied Plaintiff ERIC BOSTON to Harrison Medical Center commented about how many people he has seen trip on the doorway angle irons, and said he did not know why they did not remove them.

3.11 As a direct result of the negligence of the Defendant KITSAP COUNTY, Plaintiff ERIC BOSTON was injured, suffered, and continues to suffer bodily injury and pain, emotional distress, disfigurement, and loss of bodily function.

## IV. PRAYER FOR RELIEF

For the reasons stated above, Plaintiff ERIC BOSTON prays for the following relief:

4.1 For judgment against each of the defendants, jointly and severally, for monetary special damages in an amount to be

COMPLAINT FOR VIOLATION
OF CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983 AND
FOR NEGLIGENCE         - Page 12 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8689 Facsimile

1   determined at trial.

2   4.2  For judgment against each of the defendants, jointly and severally, for general compensatory damages in an amount to be determined at trial;

3   4.3  For judgment for punitive damages against each of the defendants, jointly and severally, in an amount to be determined at trial;

4   4.4  For attorney fees and costs authorized by statute, including reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5   4.5  For such other relief as the court deems just.

Dated this 10th day of March, 2014.

*[signature]*

ANTHONY C. OTTO, WSBA 11146
Attorney for Plaintiff
P.O. Box 1368
Port Orchard, WA  98366
tony@anthonyotto.com
(360) 876-5566 – Telephone
(360) 895-8589 – Facsimile

COMPLAINT FOR VIOLATION
OF CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983 AND
FOR NEGLIGENCE       - Page 13 -

Anthony C. Otto
Attorney at Law
Post Office Box 1368
Port Orchard, WA 98366
(360) 876-5566 Telephone
(360) 895-8589 Facsimile