UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC BOSTON,

        Plaintiff,

v.

KITSAP COUNTY, CONMED INC.

        Defendants.

CASE NO. C14-5205 RBL-JRC

ORDER DENYNING DEFENDANTS' MOTION TO CERTIFY A QUESTION TO THE WASHINGTON STATE SUPREME COURT

        The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

        Defendants ask the Court to stay this action and certify a question of law to the Washington State Supreme Court regarding the application of the tolling provisions of RCW 4,96.020(4) to this action (Dkt. 12). Plaintiff opposes the motions (Dkt. 16). The Court declines the invitation to stay the action or certify the question to the State Supreme Court because the

question is a question of federal procedure and not an issue of a state's interpretation of its own law.

### FACTS

Plaintiff was incarcerated in the Kitsap County Jail between January 3, 2011, and February 14, 2011 (Dkt. 16, p. 1).  On January 3, 2014, plaintiff submitted a tort claim to Kitsap County pursuant to RCW 4.96.020 (Dkt. 17, Attachment).  Plaintiff states that no reply to the claim was received and on March 10, 2014, he filed the complaint in this Court alleging violations of his civil rights and alleging a pendent state tort negligence claim (Dkt. 16, p. 2). The claims arise from an alleged injury that plaintiff suffered while incarcerated, as well as the medical treatment he allegedly received for the injury and other conditions (Dkt. 1).  Plaintiff states that an identical action was filed in state court the next day because of concerns over the calculation of time in federal court (*id*.).

RCW 4.96.020(4) states:

> No action subject to the claim filing requirements of this section shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty calendar day period. For the purposes of the applicable period of limitations, an action commenced within five court days after the sixty calendar day period has elapsed is deemed to have been presented on the first day after the sixty calendar day period elapsed.

See, RCW 4.96.020(4).

### DISCUSSION

The federal civil rights act does not contain a statute of limitation and the federal courts borrow the statute of limitations from the state.  The appropriate statute of limitations for a 42 U.S.C. § 1983 claim is the forum state's statute of limitations for tort actions.  *Wilson v. Garcia*,

471 U.S. 261, 269 (1985).  Washington State provides a three-year statute of limitations for tort claims.  RCW § 4.16.080(2).  Federal courts also borrow all applicable provisions for tolling the limitations period found in state law. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).

RCW 2.60.020 authorizes the Washington State Supreme Court to entertain a certified question from this court. The statute states:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

*See* RCW 2.60.020.

The question before the Court is not how Washington State interprets its own law on tolling provisions.  The question before the Court is whether a federal court adopts the tolling provision found in RCW 4.96.020(4) to a case that contains both a federal civil rights claim and a state negligence claim when a defendant has filed a tort claim and relied on the tolling provision.  Because this is a question of federal procedure rather that state interpretation of its own law, the Court denies defendants request to certify the question.

Defendants have also filed a motion to dismiss the action based on the statute of limitations argument.  The Court will address the motion to dismiss in a separate Report and Recommendation because it is dispositive.

Dated this 1st day of July, 2014.

ORDER DENYNING DEFENDANTS' MOTION
TO CERTIFY A QUESTION TO THE
WASHINGTON STATE SUPREME COURT - 3

1
2
                                            J. Richard Creatura
3
                                            United States Magistrate Judge
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ORDER DENYNING DEFENDANTS' MOTION
TO CERTIFY A QUESTION TO THE
WASHINGTON STATE SUPREME COURT - 4