UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC BOSTON,

           Plaintiff,

v.

KITSAP COUNTY, CONMED INC.,

           Defendants.

CASE NO. C14-5205 RBL-JRC

ORDER DENYING DEFENDANTS' MOTION TO STAY AND FOR CERTIFICATION OF AN ISSUE TO THE NINTH CIRCUIT

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Defendants ask this Court to stay the action and certify a question to the Ninth Circuit Court of Appeals (Dkt. 35). Plaintiff opposes the motion (Dkt. 37).  Defendant argues that because there is an apparent disagreement among district court opinions and some state decisions, this matter should be certified for clarification by the Ninth Circuit.  If that were the

sole criteria, many cases would be stayed and certification granted. Courts sometimes disagree. Sometimes, even different panels of circuit court disagree. That, in and of itself is not grounds for certification. Defendant has not demonstrated that an immediate appeal from this Court's Order would "materially advance the ultimate termination of the litigation." Therefore, this Court recommends that defendants' motion be denied.

## PROCEDURAL BACKGROUND

Plaintiff's complaint includes alleged violations of 42 U.S.C. §1983 based on defendants' deliberate indifference arising from medical treatment he received while he was an inmate at Kitsap County Jail (Dkt. 1). The Complaint also alleges state law negligence claims against Kitsap County (*id.* at pp. 10-12). According to plaintiff's complaint, he suffered these injuries between January 3, 2011 and February 14, 2011 (*id.* at pp. 3-6).

Normally, a 3-year limitation period applies for injuries to persons or rights of another. *See* RCW 4.16.080(2). Defendants argue that the 3-year statute of limitations expired on February 14, 2014 – three years to the day that plaintiff was released from custody (Dkt. 11, 25, p. 2).

Plaintiff argues that this statute of limitations was extended by a "claim presentment statute." RCW 4.96.020 (*see* Dkt. 7, p. 2). According to that statute, ". . . an action commenced within five court days after the sixty calendar day period is elapsed is deemed to have been presented on the first day after the sixty calendar day period elapsed." *See* RCW 4.96.020(4). Plaintiff submitted a tort claim to Kitsap County pursuant to RCW 4.96.020(4) on January 3, 2014 (Dkt. 17, attachment). The County never replied to the claim. Plaintiff states that on March 10, 2014 (four court days, following sixty calendar days after filing the claim), he

filed his complaint alleging violations of his civil rights. Plaintiff included a pendent state tort negligence claim against defendant Kitsap County in his complaint (Dkt. 16 p. 2).

Therefore, the question presented to this Court was whether or not the court would allow the action to continue because of the tolling provisions provided in RCW 4.96.020(4) or dismiss the case because of the lapsed statute of limitations. Defendants filed a joint motion to certify this question to the Washington State Supreme Court and stay proceedings (Dkt. 12). This Court issued an order denying defendants' motion (Dkt. 24). This Court concluded that the tolling provisions of RCW 4.96.020(4) applied and issued a Report and Recommendation to deny defendants' motion to dismiss on the grounds of statute of limitations (Dkt. 25). The District Court issued an order adopting the Report and Recommendation on August 11, 2014 (Dkt. 34).

Now, defendants are bringing a motion to stay the case so that the identical issue can be certified to the Ninth Circuit (Dkt. 35).

Defendants argue that under a Washington Court of Appeals case, *Southwick v. Seattle Police Officer John Doe*, *1 – 5*, 145 Wn. App. 292, 300, 186 P3d 1089, 1093 (2008), a state court would have dismissed plaintiff's claims as beyond the statute of limitations because the "special statute of limitations" in RCW 4.96.020 does not apply to claims under Section 1983. Defendants acknowledge that other cases decided in federal court have found to the contrary. For instance, in *Wyant v. City of Lynnwood*, 621 F. Supp. 2nd 1108, 1112 (W.D. Wash. 2008), the district court denied a similar motion by defendants in that case to dismiss a similar claim (Dkt. 26). This Court also quoted, at length, a decision by Judge Bryan in *Tracy v. State of Washington*, No. C09-5588-RJB 2010 WL 4511550 at *6-7 (W.D. Wash. 2010) (Dkt. 25).

Defendants cite several cases that defendants claim find to the contrary (Dkt. 35, p. 6, *citing*, *Fleming v. Washington* C07-5246 FDB 2008 WL 4223226 (W.D. Wash. 2008); *Deleon v.*

*City of Yakima* 206 WL 2253785 (E.D. Wash. 2006); *Young v. Locke*, C05-5085 JKA, 2005 WL 3263376 (W.D. Wash. 2005).

Judge Bryan, in the case of *Tracy v. State of Washington*, 2010 U.S. District LEXIS 116948 (W. D. Wash. 2010) provided the most persuasive analysis, which harmonized those cases:

> It is clear that notice claim, or pre- suit, statutes (requiring filing a claim with the entity before filing suit) are not applicable to § 1983 actions. It also appears clear that the tolling statutes are applicable in § 1983 actions. *Silva,* 169 F.3d at 610. The *Wyant* court bifurcated RCW 4.96.020(4) into two sections; finding that the first two sentences were a pre- suit statute, while the last sentence was a tolling provision. *Wyant* at 1111. The *Wyant* court reasoned that nothing preempts the application of the tolling portion of the statute. *Id.* at 1112. The courts in *Wyant, Petrolino* and *Syvyy,* all found that RCW 4.96.020(4) applied, while the court in *Fleming* disagreed. It appears that the difference was whether a plaintiff filed a pre-suit claim. Where a pre-suit claim was filed, although not required under federal law, the tolling period contained within the last sentence of RCW 4.96.020(4) applied. In *Fleming*, the order was silent as to whether the plaintiff did file a pre-suit claim. Therefore, it would be consistent with other courts in this district and applicable Ninth Circuit law to apply the tolling section of RCW 4.96.020(4) in Section 1983 actions only when plaintiff has filed a pre-suit claim. In other words, when a plaintiff voluntarily files a pre-suit claim, that action, even though unnecessary, tolls the statute of limitations.

Suffice it to say, this is an area that may be interpreted differently. There is no definitive Ninth Circuit statement on this issue. Nevertheless, as demonstrated by this Court's previous recommendation, the better reasoned decisions are consistent with *Tracy v. State of Washington* and the previous decisions of this Court.

Interlocutory appeals are disfavored. *United States v. Brandon*, 387 F.3d 969 (9th Cir. 2004); *United States v. Mehrmanash*, 652 F.2d 766 (9th Cir. 1980). Generally, a final judgment is required before an appeal may be taken. FRAP 4. Discretionary review is only allowed under limited circumstances. FRAP 2.3. The party seeking interlocutory appeal has the burden to show the presence of exceptional circumstances. *Coopers & Lybrand,* 437 U.S. 463 (1978).

The court will consider four factors in determining whether to grant a stay pending appeal; (1) whether the stay applicant has made a strong showing that the applicant is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Golden Gate Restaurant Assoc. v. City and County of San Francisco,* 512 F.3d 1112, 1115 (9th Cir. 2008)(citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "Since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *Hilton, supra* at 777.

When discussing defendants' likelihood of success on the merits on appeal, defendants simply reiterate their argument that they lost with the previous motion to have this matter dismissed (Dkt. 35, pp. 4-7). This Court's previous order recommending denial of the motion to dismiss set forth the reasons why and this Court respectfully disagrees (*see* Dkt. 25) and continues to maintain that the course charted is the better reasoned approach. This Court will not reiterate those conclusions. Therefore, assuming the Ninth Circuit agrees, defendants have not made a "strong showing that the applicant is likely to succeed on the merits."

More to the point, certifying this issue to the Ninth Circuit would not "materially advance the ultimate termination of the litigation." *See Reese v. VP Exploration (Alaska) Inc.,* 643 F.3d 681, 687-88 (9th Cir. 2011)(*citing* 28 U.S.C. § 1296(b)). Both parties concede that even if the Ninth Circuit ultimately reverses this Court's previous rulings, plaintiff's state law claims against defendant Kitsap County would still remain unresolved. That would mean that the interlocutory appeal would not fully resolve the case. In light of the substantial time delay that would be caused to both parties through this interlocutory appeal, the Court concludes that granting defendants' motion would not "materially advance the ultimate termination of the litigation."

1    Therefore, defendants' motion for stay of proceedings and certification of issue to the
2    Ninth Circuit is DENIED.
3    Dated this 3rd day of November, 2014.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING DEFENDANTS' MOTION TO
STAY AND FOR CERTIFICATION OF AN ISSUE
TO THE NINTH CIRCUIT - 6