|     |     |
| --- | --- |
| 1   | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC BOSTON,

                Plaintiff,

     v.

KITSAP COUNTY,

                Defendant.

CASE NO. C14-5205 RBL

ORDER ON MOTION FOR INTERLOCUTORY APPEAL [DKT #42]

THIS MATTER is before the Court on Kitsap County's Objection [Dkt. #42] to the Magistrate Judge's Order [Dkt. #41] Denying its Motion [Dkt. #35] for a Stay and for Certification to the Ninth Circuit. The Motion is in form and substance a Motion for Interlocutory Appeal under 28 U.S.C. §1292(b).

Plaintiff Boston was arrested and jailed on January 3, 2011. He claims that while he was incarcerated, Kitsap County and its medical contractor, Conmed, denied him access to lawfully-prescribed opiates, and caused (or left untreated) various other medical conditions. He also alleges that as a result of Kitsap County's negligence, he fell down a flight of stairs and was injured on January 13, 2011.

ORDER - 1

1       On January 3, 2014, Boston served a pre-claim notice for his state law tort claim against Kitsap County. On March 10, 2014, he sued Kitsap County for state law negligence related to the fall, and he sued the county and Conmed under 42 U.S.C. §1983 for what he claims were constitutional deficiencies in his medical care. Kitsap County and Conmed moved[1] to dismiss [Dkt. #11], arguing that Boston's §1983 claims were untimely. They argued that while Boston's pre-claim notice (a prerequisite for commencing a state law tort litigation under RCW 4.96.020) tolled (or, more accurately, extended) the limitations period for his state law negligence claim against Kitsap County, it did not also extend the (RCW 4.16.080) limitations period applicable to his §1983 claims.

Magistrate Judge Creatura Recommended denial of the Motion to Dismiss [Dkt. #25] and this Court adopted that Report and Recommendation [Dkt. #34]. Kitsap County and Conmed moved for a Stay and for Certification of the issue to the Ninth Circuit [Dkt. #35]. Magistrate Judge Creatura denied that Motion [Dkt. #41], and the issue is now before this Court on Defendants' Fed. R. Civ. P. 72 Objection to that Order [Dkt. #42].

Defendants claim essentially that RCW 4.96.020(4) is not a tolling provision; it is a "special limitations period" related (only to) state law tort claims, and that it does not purport to, and should, not apply to claims under 42 U.S.C. §1983. It claims that the statute's applicability is (a) a controlling question of law as to the bulk of Plaintiff's claims (and all of his claims against

---

[1] Defendants initially sought to certify the question of RCW 4.96.020(4)'s application to §1983 claims to the Washington Supreme Court [Dkt. #12]. Magistrate Judge Creatura rightly denied that Motion, because the issue is not one of state law:

> The question before the Court is not how Washington State interprets its own law on tolling provisions. The question before the Court is whether a federal court adopts the tolling provision found in RCW 4.96.020(4) to a case that contains both a federal civil rights claim and a state negligence claim when a defendant has filed a tort claim and relied on the tolling provision.

[Dkt. #24 at 3].

Conmed); (b) that there is ground for difference of opinion on the issue; (c) that it is likely to succeed on the merits of its position that RCW 4.96.020(4) does *not* apply to a §1983 claim, even when the plaintiff does file a state law pre-claim notice; and (d) that early resolution of this issue would materially advance the ultimate termination of the litigation.  These arguments are the factors that this court considers in evaluating a request for an interlocutory appeal under 28 U.S.C. §1292(b).

**A. Resolution of the tolling provision's application would materially advance the ultimate termination of this litigation.**

Defendants argue that the bulk of the case would be resolved immediately if their position on the applicability of RCW4.96.020(4) is correct—all of Boston's claims against Conmed, and all of his "non-accident" claims against Kitsap County, are brought under §1983. They point out, correctly, that §1292(b) does not require that the issue on interlocutory appeal have a "final, dispositive effect" on the entire litigation.  A party must instead demonstrate only that the issue could "materially advance" the litigation's termination.

It is clear that this element of the §1292(b) evaluation favors an interlocutory appeal.

**B. RCW 4.96.020(4)'s application is a controlling question of law.**

Boston does not dispute that the application of RCW 4.96.020(4) to §1983 claims presents a controlling question of law—it will resolve the viability of Boston's §1983 claims against Kitsap County and Conmed.  This element of the §1292(b) evaluation favors an interlocutory appeal.

**C. There is ground for difference of opinion on the issue, and there is actually a difference of opinion on the issue.**

The Defendants emphasize that, while there is a series of Western District opinions holding or suggesting that RCW 4.96.020(4) applies to §1983 claims (at least where the Plaintiff does in fact file a tort claim notice for related state law claims), there is ample ground for a

difference of opinion on the issue.  They argue that the question is not whether the Magistrate Judge (or this Court) agrees with one line of cases or the other, it is whether there is in fact a difference of opinion on the issue.  They argue that the Magistrate Judge's Order denying their Motion relied on its agreement with one set of precedents, while the issue is instead whether there is another reasonable view.

Boston's Response does not address this point;  it just repeats his claim that the better-reasoned cases apply RCW 4.96.020(4)'s tolling provision, to §1983 claims, even though the rest of the pre-claim notice statute does not and cannot apply to §1983 claims as a matter of law. This argument goes to the final factor, whether the Defendants have demonstrated a likelihood of success on the merits of their interlocutory appeal.

The "difference of opinion" factor favors an interlocutory appeal under §1292(b).

**D.  Defendants had demonstrated some likelihood of success on the merits of their position.**

The final factor is whether the Defendants can demonstrate a likelihood of success on the merits of their argument that RCW 4.96.020(4) does not apply to §1983 claims.

§1983 contains no statute of limitations.  Federal (and state, for that matter) courts instead "borrow "§1983 limitations periods from analogous state law. Specifically, they borrow the state's "general or residual statute for personal injury actions." *Owens v Okure*, 488 U.S. 235. 250 (1989).  In Washington, that statute is RCW 4.16.080(2), which is a three-year limitations period. *Bagley v CMC Realty Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

The applicable limitations period is not the end of the inquiry, however, because federal courts considering §1983 claims also borrow state law for "closely-related questions" of tolling limitations periods. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985) ; *see also Harding v. Galceran,* 889 F.2d 906, 907 (9th Cir. 1989) ("We look to state law to determine the application of tolling doctrines."); *Wyant v. City of Lakewood*, 621 F.Supp.2d 1108, 1110-1111 (W.D Wash. 2008).

RCW 4.96.020 protects local governmental entities by requiring a plaintiff give sixty days' notice of a tort-based damage claim to the entity, prior to commencing a tort-based lawsuit. In what can reasonably be described as a sort of exchange, the applicable limitations period (RCW 4.16.080(2)), is "tolled" for that same sixty days, plus five court days:

> (1)   The provisions of this section apply to claims for damages against all local governmental entities[.]
>
> \*\*\*
>
> (4)   No action . . . shall be commenced against any local governmental entity . . . for damages . . . until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof. The applicable period of limitations . . . *shall be tolled* during the sixty calendar day period. For the purposes of the applicable period of limitations, an action commenced within *five court days* after the sixty calendar day period has elapsed is deemed to have been presented on the first day after the sixty calendar day period elapsed.

RCW 4.96.020 (emphasis added). The notice requirement provides the governmental entity "time to investigate, evaluate, and settle claims," prior to litigation. *Medina v. Pub. Util. Dist. No. 1 of Benton Cnty.*, 147 Wash. 2d 303, 310, 53 P.3d 993 (2002).

Like all state law "notice of claim statutes," RCW 4.96.020's notice requirement does not—and, as a matter of federal supremacy, cannot —apply to § 1983 claims. *See Felder v. Casey*, 487 U.S. 131, 140 (1988); *see also Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999). That includes notice of claim statutes' "special statutes of limitations." *Silva* at 610, *citing Donovan v Reinbold,* 433 F.2d 738, 741-744 (9th Cir. 1970).

Despite these well-established principles, courts continue to disagree whether RCW 4.96.020(4) extends the otherwise applicable three year limitations period for filing a §1983 claim, for sixty calendar days plus 5 court days—the issue presented, once again, in this case.

In *Harding*, the Ninth Circuit held that a California statute prohibiting a suspect from suing a peace officer while criminal charges were pending against the suspect could not preclude

ORDER - 5

the suspect from asserting a §1983 claim while the charges were pending. It also held, however, that another part of the same statute (which tolled the limitations period for claims against the peace officer while the criminal charges were pending) *did* apply to the plaintiff suspect's §1983 claim.

It held that the policies behind both the state law's tolling provision and §1983 supported application of the tolling provision: applying the tolling period gave the plaintiff "more time[2] to file his §1983 claim," but "striking it down" would "force [him] to defend a criminal action and prosecute a civil action during the same time period." It also emphasized that while the California statute could not prohibit his §1983 action while the charges were pending, it should not "be applied to force him to do so or lose his cause of action." It therefore held that Harding's §1983 claim was timely when it was filed more than a year[3] after the incident, but less than a year after his acquittal. *Harding*, 889 F.2d at 909.

In *Wyant*, this District's Judge Jones relied on *Harding* to apply RCW 4.96.020(4) to a §1983 claim, while acknowledging that the statute's pre-claim notice requirement could not be applied to that claim. *Wyant* held that tolling was consistent with both the purpose of the state statute and with Congress's expressed goal of "expanding §1983 plaintiffs' access to the courts." It also pointed out that while the pre-claim notice requirement was pre-empted by federal law, its tolling provision was not. *Wyant*, 621 F.Supp.2d at 1112.

This Court followed *Wyant* in 2010, holding that a plaintiff who filed a state law pre-claim tort notice was entitled to the benefit of 4.96.020(4)'s extended limitations period, even

---

[2] If this policy were the only consideration, of course, it would support applying the forum state's longest possible limitations period (or no limitations period at all), not its most analogous one.

[3] The general, residual limitations period applicable to Harding's personal injury action was one year under California law. Cal.Civ.Proc.Code §340(3) (1989).

ORDER - 6

though the notice requirement could not apply to her §1983 claim. *See Syvvy v Wawrzycki*, 2010 WL 2836146 (W.D. Wash).

In *Tracy v. State of Washington*, 2010 WL 4511550 (W.D.Wash.), Judge Bryan thoroughly catalogued a variety of cases addressing the issue and reiterated that RCW 4.96.020(4)'s "tolling" provision did apply to §1983 claims, at least where there was a related state law claim subject to the pre-claim notice requirement, and the plaintiff did file a pre-claim notice in support of it. *Tracy* at *7. In *Tracy*, however, there was no evidence that the plaintiff had actually filed such a notice.

While these holdings are persuasive in the cases they addressed, there is a contrary view[4]. Ten years after *Harding*, the Ninth Circuit refused to apply what it called a "freestanding" special limitations period (requiring pre-claim notice to public agencies and their employees) to a §1983 claim in *Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999). It explained that *Harding* "unremarkably" followed the "general rule that we apply the state's general residual statute of limitations *and* state rules which toll the running of *that statute*." *Id*. at 610 (latter emphasis added). Conmed can argue persuasively that RCW 4.96.020(4) is not a state rule that "tolls the running of the general limitations period "on Boston's claim against *it*.

Relying on *Silva* (and *Felder*), the Washington Court of Appeals similarly refused to apply RCW 4.96.020(4)'s tolling provision to a §1983 claim not unlike the one at issue here:

> The tolling provision of RCW 4.96.020(4) is not a general tolling provision applicable to all personal injury actions. It is contained in the same statute requiring a delay of 60 days following the mandatory filing of a state claim with a local government agency before the commencement of suit and is *inextricably intertwined with this claim-filing requirement*.

---

[4] Both parties cite additional authority on both sides of the issue in their briefs.

>It has *no application* generally to personal injury actions where no claim is required, and no applicability to §1983.

*Southwick v Seattle Police Officer John Doe*, 145 Wash.App. 292, 300 (2008) (emphasis added). Boston emphasizes that *Southwick* is not binding precedent, but the District Court opinions upon which he relies are not binding, either. There is ample room for disagreement, and there are compelling reasons to conclude that the tolling provision does not and should not apply in this case.

Here, one of the defendants (Conmed) did not get (and was not entitled to) a pre-claim notice, and it did not have the opportunity to "investigate, evaluate, and settle" the claim against it within the limitations period. The policy behind extending the limitations period for 60 days—tolling the limitations period while the required pre-claim notice is given and evaluated—does not support extending the limitations period against a defendant that is not at all affected by, much less benefitted by, such notice. It is also contrary to the policy behind having a "bright line," predictable limitations period for any claim. It can also be persuasively argued that, while RCW 4.96.020(4)'s tolling provision is "not pre-empted," that does not necessarily imply that it should be applied to Boston's claim against Conmed, a claim that is only temporally "related" to Boston's state law, subject-to-the-notice-requirement tort claim against Kitsap County.

The Defendants have a strong argument, and more than fighting chance for success on the merits of their claim that the limitations period on Boston's §1983 claims has expired. This factor favors interlocutory review.

**E. The §1983 claims are stayed pending Defendants' interlocutory appeal of RCW 4.96.020(4)'s application to those claims.**

The Court will GRANT the Defendants' request for interlocutory review under §1292(b). Litigation of Boston's §1983 claims is STAYED, though the parties are free to continue discovery and motion practice related to Boston's negligence claim against Kitsap County.

The Court will not "certify" the issue outlined in the briefing and this Order to the Ninth Circuit, as there does not appear to be a mechanism for doing so.  The parties and Ninth Circuit should frame and address the issue as they see fit.

The Motion for Leave for Interlocutory Appeal of the Court's Order Denying Defendants' Motion to Dismiss [Dkt. #42] is GRANTED.

IT IS SO ORDERED.

Dated this 13th day of February, 2015.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE